Gregg I. Shavitz, Florida Bar No. 11398
E-mail: gshavitz@shavitzlaw.com
Hal B. Anderson, Florida Bar No. 93051
E-mail: hal.anderson@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Peter A. Muhic (PA Attorney ID 73501)
E-mail: pmuhic@btkmc.com
James A. Maro (PA Attorney ID 86420)
E-mail: jmaro@btkmc.com
**BARROWAY TOPAZ KESSLER MELTZER & CHECK LLP**
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**WARNOCK, MACKINLAY & CARMAN, PLLC**
2525 E. Camelback Road, Suite 900
Phoenix, Arizona 85016
Tel:   (602) 381-6669
Fax:   (602) 381-6560
Email:  jwhite@lawwmc.com
John T. White (Bar No. 022091)
(serving as local counsel)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ROBERT SCHIESER and BRANDY PEERY individually and on behalf of all persons similarly situated, ) ) ) ) | No. CV |
| Plaintiffs, ) ) | **COMPLAINT** |
| v. ) | |

| | |
|---|---|
| ENTERPRISE HOLDINGS, INC., a Missouri Corporation, f/k/a Enterprise Rent-A-Car Company, a Missouri Corporation; ENTERPRISE LEASING COMPANY OF PHOENIX, LLC, a Delaware Limited Liability Company, f/k/a Enterprise Leasing Company of Phoenix, a Nevada Corporation; and XYZ ENTITIES 1-5, (fictitious names of unknown liable entities), <br><br>　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiffs, Robert Schieser and Brandy Peery ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby allege the following cause(s) of action against Defendants, ENTERPRISE HOLDINGS, INC., ENTERPRISE LEASING COMPANY OF PHOENIX, LLC, and XYZ ENTITIES 1-5 (collectively "Defendants," "Enterprise," or the "Enterprise Entities," all as more fully alleged in Paragraph 7):

1. Plaintiffs bring this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of themselves and all other similarly situated current and former employees of Defendants.

2. Plaintiff Robert Schieser was an employee of Enterprise, performing the duties of an assistant manager from on or about mid-October 2006 to on or about July 2008. As an assistant manager, Plaintiff worked at Defendants' Airport and Home City branches in Phoenix, Arizona. Therefore, at times material hereto, Plaintiff performed a substantial part of his work duties within the jurisdiction of this Court. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party to this action. *See* Exhibit A (attached hereto).

3. Plaintiff Brandy Peery was an employee of Enterprise, performing the

2

duties of an assistant manager from on or about January 2007 to on or about July 2008. As an assistant manager, Plaintiff worked at Defendants' Airport branch in Phoenix, Arizona. Therefore, at times material hereto, Plaintiff performed a substantial part of her work duties within the jurisdiction of this Court. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party to this action. *See* Exhibit B (attached hereto).

4. In the assistant manager position, as Enterprise was aware, Plaintiffs' primary duties were non-exempt, predominantly involving the renting of cars to the customers of Enterprise, and the related, non-exempt counter-work, paper-work, and car-prep work that such duties entailed, all for and in furtherance of the business of Enterprise, as further alleged in Paragraph No. 8 herein. Plaintiffs were paid a salary, but were misclassified by Enterprise as exempt from the overtime protections of the FLSA.

5. Defendant, ENTERPRISE HOLDINGS, INC., a Missouri corporation, f/k/a Enterprise Rent-A-Car Company, a Missouri corporation, is a nationwide car rental company. It serves customers throughout the greater Phoenix, Arizona area, directly and indirectly, through various divisions, subsidiaries and affiliates, however constituted, and employs/employed Plaintiffs and the similarly situated persons in the asserted class (as subsequently defined), all as further alleged in Paragraph 8.

6. Defendant, ENTERPRISE LEASING COMPANY OF PHOENIX, LLC, a Delaware limited liability company, f/k/a Enterprise Leasing Company of Phoenix, A Nevada Corporation, is a wholly owned subsidiary of ENTERPRISE HOLDINGS, INC., and is an integral part of the company's nationwide car rental operations. It serves customers throughout the greater Phoenix, Arizona area, directly and indirectly through various divisions, subsidiaries and affiliates, however constituted, and

employs/employed Plaintiffs and the similarly situated persons in the asserted class (as subsequently defined), all as further alleged in Paragraph 8.

7. Defendants, XYZ ENTITIES 1-5, comprise or operate one or more divisions, subsidiaries, parents or affiliated companies of ENTERPRISE HOLDINGS, INC. and/or ENTERPRISE LEASING COMPANY OF PHOENIX, LLC. Defendants XYZ ENTITIES 1-5 are fictitious names for companies, partnerships, joint ventures, corporations, or other entities, however constituted, that employed Plaintiffs and the similarly situated persons in the asserted class (as subsequently defined), all as further alleged in Paragraph 8. The true names and capacities of these XYZ entities are unknown to Plaintiffs at this time, but Plaintiffs will amend their Complaint if and when the true names of said defendants become known.

8. Defendants, ENTERPRISE HOLDINGS, INC. and ENTERPRISE LEASING COMPANY OF PHOENIX, LLC, in conjunction with their respective divisions, subsidiaries or affiliates for the rental location(s) in the United States, however such divisions, subsidiaries or affiliates are constituted, including but not limited to Defendants, XYZ ENTITIES 1-5, have at material times done business under the name of Enterprise or Enterprise Rent-A-Car, among other names and marks, in the United States. Each of these Enterprise Entities employs/employed Plaintiffs and other persons in the asserted class and/or directly and/or indirectly, jointly and/or severally, acted in the interest of an employer toward Plaintiffs and other persons in the asserted class at all material times, including without limitation directly or indirectly controlling and directing the terms of employment and compensation of Plaintiffs and other persons in the asserted class.

**COLLECTIVE ACTION ALLEGATIONS**

9. This collective action on behalf of Plaintiffs and others similarly situated

4

includes all current and former assistant branch managers who at any time during the material time (a) are/were employed at any rental location or facility of every division, subsidiary, or affiliate of ENTERPRISE HOLDINGS, INC. or ENTERPRISE LEASING COMPANY OF PHOENIX, LLC, however constituted, including but not limited to XYZ ENTITIES 1-5, wherever they operated in the United States (excluding California); (b) perform/performed some or all of the primary duties of an assistant manager, however variously titled—including, without limitation, the non-exempt duties of renting cars to the customers of Enterprise, and the related non-exempt counter-work, paper-work, and car-prep work that such duties entailed; (c) worked in excess of forty (40) hours ("overtime hours") in one or more workweeks; and (d) did not receive their overtime compensation at a rate of not less than one and one-half times their regular rate for each overtime hour worked within such work weeks (collectively, the "assistant manager class," or the "asserted class").

10. The material time for the claims under the FLSA in this case is from the three-year period prior to the date each Plaintiff or similarly situated person joins, or opt-ins to, this action—and the period of additional time, if any, that each such person's claims were tolled or extended by agreement of one or more Defendants, by equity, or by operation of law—to the present (while the case continues).

11. At all times relevant, Enterprise knew that the employment activities of Plaintiffs and the other members of the asserted class were directed primarily toward some or all of the non-exempt duties of renting cars to the customers of Enterprise, and the related non-exempt counter-work, paper-work, and car-prep work that such duties entailed, throughout the greater Phoenix, Arizona area (and elsewhere).

12. At all times material hereto, Plaintiffs and all the other members of the asserted class were performing their duties for the benefit of and on behalf of

5

Enterprise, as more fully alleged in Paragraph 8.

13. Plaintiffs and the other similarly situated persons in the assistant manager class regularly work overtime hours, including, but not limited to, being subject to a practice or policy of Enterprise of misclassifying Plaintiffs and the members of the asserted class as exempt from the FLSA.

14. As a result, at all times material to this Complaint, Enterprise has failed to pay Plaintiffs and similarly situated persons in compliance with the FLSA for all overtime hours worked—that is, all of the hours worked in excess of forty (40) within a work week.

15. Plaintiffs and those persons similarly situated were each entitled to an overtime rate of pay equal to one and one-half times their respective regular wages per hour for each overtime hour worked (the "overtime rates of pay").

16. In the course of employment with Enterprise, Plaintiffs and those other current and former employees in the asserted class were not paid their respective overtime rates of pay for all overtime hours worked for the benefit of Enterprise.

17. There are estimated to be several hundred current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently in a single proceeding.

18. The records, if any, should be in the custody or control of Enterprise concerning the members of the asserted class, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

**FURTHER JURISDICTIONAL ALLEGATIONS**

19. Venue is proper. The Court has jurisdiction over the Defendants and in regard to each plaintiff joining this lawsuit.

20. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were each an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of each of the Defendants was in excess of $500,000.00 per annum.

**DAMAGES, LIQUIDATED DAMAGES, AND OTHER RELIEF**

21. Plaintiffs have incurred, and will continue to incur, attorney's fees and costs, which are a proper part of the relief sought in this action.

22. Plaintiffs and those similarly situated seek to recover from Enterprise relief that includes, but is not limited to, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of the FLSA.

**COUNT I**
**Recovery Of Overtime Compensation**
**(Assistant Manager Class – All Defendants)**

23. Plaintiffs adopt and allege herein all allegations contained in Paragraphs 1 through 22 above.

24. Plaintiffs are entitled to be paid his overtime rate of pay for each hour worked for the benefit of Enterprise in excess of forty (40) hours per work week.

25. All similarly situated persons in the assistant manager class are likewise owed their respective overtime rate of pay for each overtime hour worked for the benefit of Enterprise.

26. Enterprise has failed to pay Plaintiffs and those similarly situated persons in the assistant manager class properly for all overtime hours worked, which failures

were intentional, willful and unlawful acts of Enterprise.

27. By reason of the said intentional, willful and unlawful acts of Enterprise, all Plaintiffs (Plaintiffs and those persons similarly situated in the assistant manager class) have suffered, and those still employed continue to suffer, damages plus incurring costs and attorneys' fees in bringing this action.

28. As a result of Enterprise's willful violation of the FLSA, all Plaintiffs (Plaintiffs and those persons similarly situated in the assistant manager class) are entitled to liquidated damages.

29. Plaintiffs demand a jury trial on all counts.

WHEREFORE, Plaintiffs and those similarly situated to them in the asserted class who have or will opt into this action, demands judgment against Defendants, ENTERPRISE HOLDINGS, INC., ENTERPRISE LEASING COMPANY OF PHOENIX, LLC, and XYZ ENTITIES 1-5, jointly and severally, for all damages, including without limitation the payment of all overtime hours at the respective overtime rates of pay due Plaintiffs and those similarly situated persons in the asserted class for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees, costs of suit, prejudgment interest, and all other available relief.

RESPECTFULLY SUBMITTED this 18th day of January, 2011.

**WARNOCK, MACKINLAY & CARMAN, PLLC**

By: s/ John T. White
John T. White
2525 E. Camelback Road, Suite 900
Phoenix, Arizona 85016
(serving as local counsel)

-And-

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Gregg I. Shavitz
Hal B. Anderson
**SHAVITZ LAW GROUP, P.A.**
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432

Peter A. Muhic
James A. Maro
**BARROWAY TOPAZ KESSLER MELTZER & CHECK LLP**
280 King of Prussia Road
Radnor, PA  19087
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2011, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF.

By: s/ Rachel V. Sanders